UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ROBERT F. SMITH,

Plaintiff,

v.                  6:10-CV-101

BRIAN OWENS, DR. BROOME, and
MEDICAL COLLEGE OF GEORGIA,

Defendants.

## ORDER

### I. BACKGROUND

Plaintiff Robert Smith ("Smith") is an inmate at Georgia State Prison in Reidsville, Georgia. *See* Doc. 1. Smith has sued Defendants Owens, Broome, and the Medical College of Georgia under 42 U.S.C. § 1983, and was granted permission to proceed *in forma pauperis* ("IFP"). *See* Doc. 5. On December 6, 2010, The Magistrate Judge advised Smith that under the recently adopted Prison Litigation Reform Act, IFP status did not excuse the requirement that he pay his filing fees, but instead permitted him to pay them over time through deductions to his prison account. *See id.*; *see also* 28 U.S.C. § 1915(b).

The Magistrate Judge gave Smith an opportunity to voluntarily dismiss his complaint in order to avoid paying any filing fee or having the case count toward 28 U.S.C. § 1915(g)'s three strikes rule. *See* Doc. 5 at 2. Alternatively, the Magistrate Judge ordered Smith to submit trust fund account statements and documents consenting to the collection of filing fees from his prison account within thirty days. *See id.* at 2-3. The Magistrate Judge cautioned Smith that his failure to exercise either option, would result in the dismissal of his case, without prejudice. *See id.* Smith did not respond to the Magistrate Judge's order within thirty days and this Court dismissed the case on January 13, 2011. *See* Doc. 6. The matter is now before the Court on Smith's "Motion to Reinstate Plaintiff's 42 U.S.C. § 1983." *See* Doc. 8.

It has come to the Court's attention that the Magistrate Judge's December 6 Order was returned to the clerk's office as undeliverable on December 15, 2010. The Order was sent to Smith's address on file with the Court—Georgia State Prison, 2164 Ga. Hwy 147, Reidsville, GA 30499.

The Court's Order dismissing the case was sent to Smith at this same address. Smith had no problem receiving the Order dismissing his case. *See* Doc. 8 at 2 ("[T]his courts [sic] Jan. 13th, 2011 Order is the only piece of mail he has received from this court"). Georgia State Prison confirms that Smith is in its facility and the address he has on file is correct.

As such, it appears that an error was made in delivery of the Magistrate Judge's December 6 Order for which Smith should not be penalized.

### II. ANALYSIS

The Court construes Smith's motion as a motion for relief from judgment. *See* FED. R. CIV. P. 60(b); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A case may be reopened on account of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence; (3) fraud, misrepresentation or misconduct; (4) a void judgment; (5) a judgment that has been satisfied, released or discharged; or (6) any other reason that justifies relief. *See* FED. R. CIV. P. 60(b).

The Court dismissed Smith's case for failure to obey an Order that he never received. This mistake is an extraordinary circumstance that justifies relief. *See* FED. R. CIV. P. 60(b)(1),(6); *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2011).

The Court *VACATES* its Order and Judgment dismissing this case. *See* Docs. 6, 7. Smith is ordered to respond to the Magistrate Judge's Order as required therein within thirty (30) days of this Order.

### III. CONCLUSION

Smith's "Motion to Reinstate Plaintiff's 42 U.S.C. § 1983," *see* Doc. 8, is *GRANTED*. The Court *VACATES* its Order and Judgment dismissing this case. *See* Docs. 6, 7. The Court *DIRECTS THE CLERK'S OFFICE TO FORWARD A COPY OF THE MAGISTRATE JUDGE'S DECEMBER 6, 2010 ORDER, DOC. 5, TO SMITH ALONG WITH THIS ORDER. THIS CASE IS TO BE RE-OPENED FOR FURTHER PROCEEDINGS.*

This 26th day of January 2011.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA