IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ROBERT FRANK SMITH,

    Plaintiff,

v.      CIVIL ACTION NO.: CV610-101

BRIAN OWENS; Dr. BROOME;
MEDICAL COLLEGE OF GEORGIA;
Dr. ALSTON; THOMAS KING;
MILTON SMITH; and JOHN PAUL,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In <u>Mitchell v. Farcass</u>, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1980); <u>Mitchell</u>, 112 F. 3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff states that certain medical personnel at Rogers State Prison and Georgia State Prison denied him medical treatment. Plaintiff states he was prescribed pain medication by various specialists, but Defendant Alston failed to give Plaintiff any of his prescribed dosage. Plaintiff also states that Defendant King was made aware that Plaintiff was not receiving his medication, and did nothing to correct the problem. Plaintiff states he contacted Defendant Smith and advised him that he had submitted numerous requests to be seen by the medical department, and that his treatment was being refused. Plaintiff asserts Defendant Smith never responded to any grievances he filed concerning his lack of medical treatment. Plaintiff states he was later transferred to Georgia State Prison, where Defendant Broome refused to treat Plaintiff's condition or give him medication.

Plaintiff names Brian Owens, the Medical College of Georgia, and John Paul as Defendants in this case. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff fails to make any factual allegations that Owens, Paul, or the Medical College of Georgia are involved in any way with his § 1983 claim.

Plaintiff's remaining claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Brian Owens, the Medical College of Georgia, and John Paul be **DISMISSED** as Defendants in this case.

**SO REPORTED** and **RECOMMENDED**, this 24th day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE