IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ROBERT FRANK SMITH,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV610-101

Dr. DEAN BROOME; Dr. MARY S. E.
ALSTON; THOMAS J. KING; and
CALVIN MILTON SMITH,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was housed at Georgia State Prison. Defendants filed a Motion to Dismiss. (Doc. No. 27). Plaintiff filed a Response. (Doc. No. 28). For the reasons which follow, Defendants' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff filed this 42 U.S.C. § 1983 on December 2, 2010. Plaintiff later filed an amended complaint. (Doc. No. 13). Plaintiff alleges that all Defendants were non-qualified medical personnel who interfered, delayed, and/or denied medical treatment that was prescribed by a qualified medical specialist. (Doc. No. 13, p. 3). Plaintiff's amended complaint concerns his Tramadol treatments and how the dosage was modified, and the treatment was stopped and restarted. (Id. at pp. 3-6). He also notes that his Tramadol treatment was stopped because of a pharmacy policy that limits Tramadol's usage based upon its side effects of hepatitis and liver failure. (Id. at 7).

Plaintiff alleges that: (1) a pharmacy cannot control which medications a doctor can prescribe; (2) Tramadol does not cause hepatitis; (3) Defendants are bound by the specialist's treatment plan; (4) Defendants are not qualified pain management specialists; and (5) according to his pain management and orthopedic specialists, Tramadol is used for long-term pain management. (Id. at 7-8). Plaintiff alleges that he filed grievances regarding these allegations. (Id. at 8-13).

Defendants assert that all claims in this case against them should be dismissed because Plaintiff has previously filed at least three frivolous actions, which would prevent him from proceeding in forma pauperis. In addition, Defendants assert Plaintiff has failed to state a claim upon which relief can be granted, and Defendants are protected by qualified and Eleventh Amendment immunity.

## STANDARD OF DETERMINATION

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's "[f]actual allegations [are] enough to raise the right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Id. at 406. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to

dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer and will be construed liberally. Ghee v. Retailers Nat'l Bank, 271 F. App'x 858, 861 (11th Cir. 2008) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). A plaintiff generally is safeguarded by a presumption that the allegations in his complaint are true when a defendant files a Rule 12(b)(6) motion to dismiss. Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1237 (11th Cir. 2002).

## DISCUSSION AND CITATION OF AUTHORITY

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

As of December 2, 2010—the date Plaintiff filed this action—Plaintiff had at least three prior actions dismissed for the reasons set forth in 28 U.S.C. § 1915(g): (1) Smith v. Ellis, et al., U.S. District Court for the M.D. Ga., case no. 5:93cv354 (dismissed as frivolous on November 12, 1993); (2) Smith v. Ault, et al., U.S. District Court for the S.D.

Ga., case no. 5:94cv9 (dismissed for lack of exhaustion on May 9, 1994); and (3) Smith v. Smith, et al., U.S. Court of Appeals for the Eleventh Circuit, case no. 04-16747 (appeal dismissed as frivolous on June 30, 2005).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

Plaintiff alleges that he has degenerating spinal vertebrae. He notes that a specialist told him that his condition would inevitably worsen, but his only option was to medicate the pain. Plaintiff admits that no treatment exists for his condition. According to Plaintiff, his specialist prescribed Tramadol, which is merely a pain medication. Plaintiff complains that Defendants are not properly administering Tramadol to him.

However, such an allegation does not indicate that he is "under imminent danger of serious physical injury."

## CONCLUSION

The Court's December 6, 2010, Order permitting Plaintiff to proceed in forma pauperis is **vacated**. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 16th day of June, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE