IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ROBERT FRANK SMITH,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV610-101

Dr. DEAN BROOME; Dr. MARY S. E.
ALSTON; THOMAS J. KING; and
CALVIN MILTON SMITH,

    Defendants.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff states that Smith v. Ault, et al., CV594-9, was dismissed without prejudice and should not count as a strike under the PLRA. Plaintiff alternatively states that he meets the "imminent danger of serious physical injury" exception to the statute.

Even if Smith v. Ault, et al., was dismissed without prejudice, Plaintiff has three other cases that were dismissed for the reasons set forth in 28 U.S.C. 1915(g): (1) Smith v. Ellis, et al., U.S. District Court for the M.D. Ga., case no. 5:93cv354 (dismissed as frivolous on November 12, 1993); (2) Smith v. Hughes, U.S. District Court for the M.D. Ga., case no. 5:94cv54 (dismissed for failure to state a claim on February 23, 1994); and (3) Smith v. Smith, et al., U.S. Court of Appeals for the Eleventh Circuit, case no. 04-16747 (appeal dismissed as frivolous on June 30, 2005).

Plaintiff does not satisfy the "imminent danger" exception to the statute. Plaintiff states he experiences restless sleep, has lost weight because he has not been eating, and he has not been getting exercise. Though the physical complaints Plaintiff describes might not be pleasant, they in no way indicate that Plaintiff is in imminent danger of serious physical injury.

Finally, Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." Id. at 490. Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." Id.; State Exch. Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir.1982). In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Zocaras, 465 F.3d at 490; Link v. Wabash R.R. Co., 370 U.S. 626, 630-631 (1962); Hartline, 693 F.2d at 1352.

Plaintiff's complaint form asked, "While incarcerated or detained at any facility, have you brought any lawsuits in federal court which deal with facts other than those involved in this action?" Plaintiff checked "No." Plaintiff has not only filed the suits listed above, which count as strikes under § 1915(g), but several other actions as well. While a prisoner's pro se pleading is entitled to liberal construction, that doctrine presupposes that the prisoner was honest and forthright with the Court. Providing false responses to the Court is sanctionable conduct and undermines the administration of justice. The Court is of the opinion that Plaintiff, in bad faith, attempted to mislead the

Court as to his filing history. Plaintiff is warned that such false responses will not be tolerated and may result in severe and long-term sanctions in the future.

Plaintiff's Objections are without merit and are **OVERRULED**. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Plaintiff's complaint is **DISMISSED**. The Clerk is authorized and directed to enter the appropriate Judgment of dismissal.

**SO ORDERED**, this 29th day of June, 2011.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA